

**null / ALL**
**Transmittal Number: 23082508**
**Date Processed: 04/20/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Litigation Manager<br>Liberty Mutual Insurance<br>7900 Windrose Ave<br>Plano, TX 75024-0266 |

| | |
|---|---|
| **Entity:** | The Ohio Casualty Insurance Company<br>Entity ID Number  2315964 |
| **Entity Served:** | Ohio Casualty Insurance Company |
| **Title of Action:** | SBU Group LP dba Apollo Distributors vs. Ohio Casualty Insurance Company |
| **Matter Name/ID:** | SBU Group dba Apollo Distributors vs. Ohio Casualty Insurance Company (9804497) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 2021-15761 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 04/19/2021 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Eric B. Dick<br>832-207-2007 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT A**

**QUICK SERVICE PROS**
**4325 TULSA**
**HOUSTON, TEXAS 77092**
**713-259-5540**

**DATE:**              **APRIL 16, 2021**

**TO:**       **OHIO CASUALTY INSURANCE COMPANY**
           **C/O CORPORATION SERVICE COMPANY**
           **211 E. 7TH ST., STE. 620**
           **AUSTIN, TEXAS 78701**

**Please find enclosed attached CITATION executed by CERTIFIED MAIL**

**CERTIFIED MAIL RECEIPT #7020 1290 0000 7576 4792**

**TIM L. MULLINAX,**
**PROCESS SERVER #9993**

Receipt Number: 891383
Tracking Number: 73853027

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202115761

EML

| | |
|---|---|
| PLAINTIFF: SBU GROUP LP (DBA APOLLO DISTRIBUTORS) | In the 152nd Judicial |
| vs. | District Court of |
| DEFENDANT: OHIO CASUALTY INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: OHIO CASUALTY INSURANCE COMPANY BY SERVING CORPORATION SERVICE COMPANY

211 EAST 7TH STREET SUITE 620

AUSTIN TX 78701

    Attached is a copy of PLAINTIFFS ORIGINAL PETITION EXPEDITED ACTION UNDER TRCP 169.

This instrument was filed on March 17, 2021, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this March 23, 2021.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: COURTNI GILBERT

Issued at request of:
DICK, ERIC B.
3701 BROOKWOODS DRIVE
HOUSTON, TX  77092
832-207-2007

Bar Number: 24064316

Tracking Number: 73853027

CAUSE NUMBER: 202115761

EML

| | |
|---|---|
| PLAINTIFF:  SBU  GROUP  LP  (DBA  APOLLO DISTRIBUTORS) | In the 152nd |
| vs. | Judicial District Court |
| DEFENDANT: OHIO CASUALTY INSURANCE COMPANY | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came  to  hand  at  _____o'clock  \_\_\_\_.  M.,  on  the  _____  day  of
_____, 20\_\_\_\_\_.

Executed at (address) _____
in _____ County
at  _____  o'clock  \_\_\_\_.  M.,  on  the  _____  day  of
_____, 20 \_\_\_\_,
by delivering to _____ defendant,
in person, a true copy of this
Citation  together  with  the  accompanying  \_\_\_\_\_  copy(ies)  of  the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To  certify  which  I  affix  my  hand  officially  this  _____  day  of
_____, 20 \_\_\_\_\_.

FEE:  $ _____

_____ of _____
County, Texas

_____       By:  _____
            Affiant                              Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared.  After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN  TO  AND  SUBSCRIBED  BEFORE  ME  on  this  _____  of
_____, 20 \_\_\_\_\_

3/18/2021 12:01 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51599158
By: Courtni Gilbert
Filed: 3/17/2021 4:15 PM

*2021-15761 / Court: 152*

CAUSE NO. _____

| | | |
|---|---|---|
| **SBU GROUP LP DBA APOLLO** | § | **IN THE DISTRICT COURT OF** |
| **DISTRIBUTORS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **OHIO CASUALTY INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendant.* | § | **____ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION
### EXPEDITED ACTION UNDER TRCP 169

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SBU GROUP LP DBA APOLLO DISTRIBUTORS (herein "Plaintiff"), who files

this, its Original Petition and Requests for Disclosure, against OHIO CASUALTY INSURANCE

COMPANY (herein "Defendant") and for cause of action would respectfully show the court as follows:

#### I.

#### Discovery Control Plan

1. Discovery to be conducted under Level 1 of Rule 190 of the Texas Rules of Civil Procedure.

#### II.

#### Preliminary Information and Definitions

2. Insured:                SBU GROUP LP DBA APOLLO DISTRIBUTORS (herein "Plaintiff")

   Policy Number:      BKO-55615367 (herein "Policy")

   Claim Number:       23561541 and (WILL SUPPLEMENT)

                                (herein "Claim" or "Claim Number")

   Date of Loss:         APRIL 13, 2019 (herein "Date of Loss")

   Insured Properties:  10800 BROOKLET DRIVE, HOUSTON, TX 77099-3502 and

10316 SYNOTT ROAD, SUGAR LAND, TX 77498-1129 and

10850-10852 KINGHURST STREET, HOUSTON, TX 77099-3415

(herein "Property" or "Insured Property")

Insurer:          OHIO CASUALTY INSURANCE COMPANY (herein "Defendant")

### III.

### Request for Expedited Trial Date

3.  Plaintiff requests that the set the case for a trial date that is within 90 days after the discovery period in Rule 190.2(b)(1) ends.

### IV.

### Parties

4.  Plaintiff is an individual who resides in Texas.

5.  Defendant is a Texas "Foreign" company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by in person or certified mail, return receipt requested, by serving: (1) the president, an active vice president, secretary, or attorney in fact at the home office or principal place of business of the company; or (2) leaving a copy of the process at the home office or principal business office of the company during regular business hours.

6.  Defendant's Attorney for Service is: CORPORATION SERVICE COMPANY at 211 EAST 7TH STREET, SUITE 620, AUSTIN, TX 78701-3218.

### V.

### Jurisdiction

7.  The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court and Plaintiff seeks of over $250,000 but not more than $1,000,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

8. The Court has jurisdiction over Defendant because Defendant engages in the business of insurance in the State of Texas and the cause of action arises out of Defendant's business activities in the State of Texas.

## VI.

### Venue

9. Venue is proper in HARRIS County, Texas because the insured property is situated in HARRIS County, Texas and/or the contract was signed in HARRIS County, Texas. TEX. CIV. PRAC. & REM. CODE. § 15.032

## VII.

### Facts

10. Plaintiff was the owner of the Policy issued by Defendant. Plaintiff owns the insured property.

11. Defendant sold the policy, insuring the property that is the subject of this lawsuit to Plaintiff. The Plaintiff suffered a significant loss with respect to the property at issue.

12. Plaintiff submitted its claim to Defendant with a Date of Loss for their damages.

13. Defendant assigned a Claim Number to Plaintiff's claim.

14. Defendant failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious damages.

15. Defendant improperly paid Plaintiffs claim for replacement of the property, even though the policy provided coverage for losses such like those suffered by Plaintiff.

16. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of

the policy. Defendant failed and refused to pay the full proceeds of the policy although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Plaintiff. Such conduct constitutes breach of the insurance contract between Defendant and Plaintiff.

17. Defendant misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid even though the damage was caused by a covered occurrence. Defendant's conduct constitutes violations of the Texas Insurance Code.

18. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner although they were aware of their liability to Plaintiff under the policy. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(2).

19. Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(3).

20. Defendant failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541 060(4).

21. Defendant refused to fully compensate Plaintiff, under the terms of the policy, even though Defendant

failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(7).

22. Defendant failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff's claims. Defendant's conduct constitutes violations of the *Texas Prompt Payment of* Claims *Act.* TEX. INS. CODE § 542.055.

23. Defendant failed to accept or deny Plaintiffs full and entire claims within fifteen (15) business days of receiving all required information. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.056.

24. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiffs claims longer than allowed and, to date, Plaintiff has not yet received full payment for the claims. Defendant's conduct constitutes a violation of the *Texas Prompt Payment* of *Claims Act.* TEX. INS. CODE § 542.055.

25. From and after the time Plaintiffs claims were presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct equates to breaches of the common law duty of good faith and fair dealing.

26. As a result of Defendant's acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

27. Plaintiffs experience is not an isolated case. The acts and omissions Defendant committed in this case,

or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## VIII.

### Causes of Action:

28. Plaintiff incorporates Paragraphs 1 to 26 by reference.

### COUNT 1:

### Breach and Anticipatory Breach of Contract

29. Defendant 's conduct, as described in this petition, constitutes a breach of the insurance contract made between Defendant and Plaintiff. Plaintiff anticipates that Defendant will continue in such breaches of contract.

30. Defendant's failure and refusal, as described above, to pay the adequate compensation as is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Furthermore, Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees for such violations of the Texas Insurance Code.

31. Defendant's conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* TEX. INS. CODE, Chapter 541. All violations under this article are made actionable by TEX. INS. CODE § 541.151.

32. Defendant's unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or

practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

33. Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

34. Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

35. Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of rights to Plaintiff constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

36. Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060, and § 541.061. Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"

37. Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE, Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

38. Defendant's failure, as described above, to acknowledge receipt of Plaintiffs claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE § 542.055-542.060.

39. Defendant's delay of payment of Plaintiffs claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of the claims. TEX. INS. CODE § 542.055-542.060.

## COUNT 2:

### Breach of the Duty of Good Faith and Fair Dealing

40. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured's in insurance contracts.  See: *State Farm Lloyd's v. Nicolau*, 951 S.W.2d 444, 1997 Tex. LEXIS 69 (Tex. 1997). Defendant insurance company acted in bad faith when it denied a claim by plaintiff insureds; in an action for property damage due to plumbing leaks the insurer was found to have hired an investigating firm biased against finding liability, failed to follow up on substantial information indicating the leaks were the cause of damage, and the court held that denial of coverage could have been pre-textual.

41. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs claims, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing, as well as Defendant's canceling said Policy.

## COUNT 3:

### Deceptive Trade Practices & Unconscionable Conduct – Knowledge and Intent

42. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described therein by Texas Deceptive Trade Practices Act.

43. Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

44. At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant. Defendant has violated the Texas Deceptive Trade Practices Act in one or more of the following manners:

a.   Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

b.   Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

c.   Advertising goods or services with intent not to sell them as advertised;

d.   Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

e.   Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

f.   Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms

of a consumer transaction;

g.     Failing to disclose information concerning goods or services which was known at the time of
       the transaction and such failure to disclose such information was intended to induce the
       consumer into a transaction into which the consumer would not have entered had the
       information been disclosed; and/or

h.     Engaging in an unconscionable course of conduct.

### COUNT 4:

### Violations of Texas Prompt Payment of Claims Act:

### Texas Insurance Code, Chapter 542:

### Strict Liability with No Good Faith Exception

45. Defendant's conduct, as described above, constitutes multiple violations of *Texas Prompt Payment of
    Claims Act.*

46. As described above, Plaintiff has a claim under an insurance policy, the insurer is liable for the claim
    and the insurer has failed to comply with the requirement of *Texas Prompt Payment of Claims Act.*
    TEX. INS. CODE § 542.051-542.061.

47. As described above, Defendant failed to perform one or more of the following duties not later than the
    15th day (30th day if Defendant is a surplus lines insurer) after receipt of notice of at the claim:[1]

a.     Acknowledge the claim.  Defendant failed to acknowledge receipt of the claim, including
       separate claims arising from the same incident.  TEX. INS. CODE § 542.055(a)(1).  See *Dunn
       v. Southern Farm Bur. Cas. Ins. Co.*, 991 S.W.2d 467, 472 (Tex. App.-Tyler 1999, pet.

---

[1] TEX. INS. CODE § 542.055(a)

denied);

b.　　Record the acknowledgement.  Defendant failed to make a record of the date, means, and

content of the acknowledgement.  TEX. INS. CODE § 542.055(c);

c.　　Commence the investigation.  Defendant failed to make commence a reasonable investigation

of the claim.  TEX. INS. CODE § 542.055(a)(2); and/or

d.　　Request information from the claimant.  Defendant failed to request from the Plaintiff all items,

statements and forms reasonably needed from Plaintiff.  TEX. INS. CODE § 542.055(a)(3).

48. As described above, Defendant failed to perform one or more of the following duties after Defendant

received all items, statements, and forms reasonable required by the Plaintiff:

a.　　Accept of reject the claim.  Defendant failed to notify Plaintiff by the 15th "business day" that

Defendant either accepts or rejects the claim.[2]  TEX. INS. CODE § 542.056(d);

b.　　State reasons for any rejection.  Defendant failed to notify Plaintiff of any reasons for denying

such claim.  TEX. INS. CODE § 542.056(c);

c.　　Ask for more time and tell why it is needed.  Defendant failed to notify Plaintiff it needed more

time and the reasons for seeking more time.  TEX. INS. CODE § 542.056(d);

d.　　Pay the claim after accepting.  Defendant failed to pay the claim within five "business days" or

twenty days if Defendant is a surplus lines insurer.  TEX. INS. CODE § 542.057(a),(c);

e.　　Pay the claim after the claimant performs any condition.  If Defendant sought a condition on

---

[2] Defendant has not indicated it suspects arson thus allowing 30 days. TEX. INS. CODE § 542.056(b)
[3] Defendant has not sought a 45 day extension.  TEX. INS. CODE § 542.056(d)

Plaintiff, it did not pay such claim within five "business days" or twenty days if Defendant is a surplus lines insurer after such condition was satisfied. TEX. INS. CODE § 542.057(b); and/or

f.      Pay the claim within 60 days after receipt of information.  Defendant failed to pay the claim within 60 days after receiving the items requested from Plaintiff.  TEX. INS. CODE § 542.058(a).

## COUNT 5:

### Unfair Insurance Practices:

### Texas Insurance Code, Chapter 541

49. Defendant's conduct, as described above, constitutes multiple violations of Unfair Insurance Practices.

50. Defendant engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[4]:

a.      misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

b.      failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim:

   i.      with respect to which the Defendant's liability has become reasonably clear; or

   ii.      a claim under one portion of the policy of the claim with respect to which the Defendant's liability has become reasonably clear in order to influence Plaintiff to settle an additional claim under another portion of the coverage, unless payment under one portion of the coverage constitutes evidence of liability under another portion of

---

[4] TEX. INS. CODE § 541.060

the policy;

c.     failing to provide promptly to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant's denial of the claim or for the offer of a compromise settlement of the claim;

d.     failing within a reasonable time to:

   i.     affirm or deny coverage of a claim to Plaintiff;

   ii.    submit a reservation of rights to a Plaintiff;

e.     refusing, failing, or unreasonably delaying an offer of settlement under first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

f.     undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim; and/or

g.     requiring Plaintiff, as a condition of settling a claim, to produce Plaintiff's federal income tax returns for examination or investigation.

51. Defendant may have engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[5]:

a.     misrepresentations and false advertising of policy contracts;

---

[5] TEX. INS. CODE § 541.151

    b.      false information and advertising generally;

    c.      defamation of insurers or persons engaged in the business of insurance;

    d.      boycott, coercion, and intimidation in the business of insurance;

    e.      false financial statements;

    f.      stock operations and advisory board contracts;

    g.      unfair discrimination;

    h.      rebates;

    i.      deceptive names, words, symbols, devises, and slogans; and/or

    j.      misrepresentation of the insurance policies;

52. Defendant engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[6]:

    a.      making an untrue statement of material fact;

    b.      failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

    c.      making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

    d.      making a material misstatement of law; and/or

e.      failing to disclose a matter required by law to be disclosed, including failing to make disclosure in accordance with an other provision of the insurance code.

## COUNT 6:

### Fraud

53. Defendant knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril and Plaintiff having relied upon such fraudulent conduct, have been injured.

54. Defendant knowingly and with the reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the rights, duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such fraudulent conduct, have been injured.

55. The conduct described was done intentionally and for the purpose of having Plaintiff rely on such fraudulent conduct thereby causing Plaintiff to suffer injury.

## COUNT 7:

### Ongoing Conspiracy to Commit Illegal Acts

56. Defendant was a member of a combination of two or more persons whose object was to accomplish the stated illegal acts upon Plaintiff. Defendant, by and through their agents, reached a meeting of the minds and acted in such a manner as to further the conspiracy by knowingly and with reckless

---

[6] TEX. INS. CODE § 541.061

disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril of said claim, and Plaintiff having relied upon such conduct has been injured.

57. Defendant, by and through its agents, reached a meeting of the minds and acted in such a manner as to further the conspiracy to commit stated illegal acts by knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the rights, duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such conduct has been injured.

58. The conduct described was done intentionally and for the purpose of having Plaintiff rely on such fraudulent conduct thereby causing Plaintiff to suffer injury.

## IX.

## Damages and Prayer

59. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, complains of Defendant and prays that Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendant the following:

    a.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and or producing causes of damages sustained by Plaintiff.

    b.    For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the policy benefits withheld, together with consequential damages and attorney's

fees.

c.   For noncompliance with the *Texas Unfair Competition and Unfair Practices Act,* Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and mandatory attorney's fees.  See *Rosenblatt v. Freedom Life Ins. Co. of Am.*, 240 S.W.3d 315, 2007 Tex. App. LEXIS 6177 (Tex. App.—Houston [1st Dist.] 2007, no pet.)  For knowing and intentional conduct of the acts complained of, Plaintiff asks for three times economic damages and three times mental anguish damages.  See TEX. INS. CODE § 541.152 and TEX. BUS. & COM. CODE § 17.50.

d.   For noncompliance with *Texas Prompt Payment of Claims Act*, which is strict liability without any good faith exceptions, Plaintiff is entitled to the amount of her claims, as well as eighteen (18) percent interest on the total amount of the claim per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which she may show here to be justly entitled.  See *Am. Nat'l. Prop. & Cas. Co. Inc. v. Patty*, No. 05-00-01171-CV, 2001 Tex. App. LEXIS 5493 (Tex. App.—Dallas Aug. 15, 2001, pet. denied) (unpublished). The formula for calculating the interest penalty under this article is "I = P R T," where "I" is interest, "P" equals the principal, "R" equals the rate of interest, and "T" equals time over which interest is to be calculated.  Thus, where the insurer tendered less than the face value of the policy, the penalty should have been calculated until judgment was entered against the insurer.  Tender of partial payment of a claim does not reduce the penalty: the penalty is calculated based on the amount of the "claim," not the difference between the claim and any partial payment that is made. See *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 106 S.W.3d 174, 183-84 (Tex.App.—Amarillo 2003, pet. denied).  Also See *Higginbotham v. State Farm*

*Mut. Auto. Ins. Co.*, 103 F.3d 456, 461 (5th Cir. 1997). Violations of Tex. Ins. Code § 542 are strict liability without any exception.

e.    For breach of the common law duty of good faith and fair dwelling, actual damages, direct and indirect consequential damages, exemplary damages and mental anguish as to be determined by the jury. See *Lee v. Safemate Life Ins. Co.*, 737 S.W.2d 84, 1987 Tex. App. LEXIS 8111 (Tex. App.—El Paso 1987, writ dism'd). Exemplary damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions; mental anguish damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions.

f.    For fraud, Plaintiff seeks damages for breach of contract. *Albin v. Isotron Corp.,* 421 S.W.2d 739, 744 (Tex. Civ. App.-Texarkana 1967, writ ref'd n.r.e). Upon a finding of actual fraud, Plaintiff seeks exemplary damages as to be determined by the jury. TEX. CIV. PRAC. & REM. § 41.003(a)(1).

g.    For ongoing civil conspiracy, Plaintiff seeks joint and several damages to which the conspirators caused Plaintiff along with exemplary damages as determined by the jury.

h.    Plaintiff seeks attorney fees at a contingent rate of forty-five percent as allowed by law. If attorney fees must be quantified at an hourly rate, Plaintiff seeks attorney fees at $750 an hour. See *Mid-Century Ins. Co. v. Barclay*, 880 S.W.2d 807, 1994 Tex. App. LEXIS 1480 (Tex. App.—Austin 1994, writ denied). Attorney's fees are awarded to a party as part of the damages owed by an insurance company that violates this chapter, and it is appropriate to require the insurer to pay a contingency fee, which may be greater than an hourly fee. The

specter of large attorney's fee awards may serve as additional incentive to the insurance company to respond promptly and diligently to its insured's claims.

i.  Furthermore, the denial and/or wrongful delay to provide Plaintiff with insurance benefits by Defendant was apparently part of a common plan, routine, scheme, and design calculated to deny insurance benefits to policy holders.  In order to punish Defendant and to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages should be awarded.  Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate.

## X.

## RESERVATION OF APPRAISAL RIGHTS

60. By filing this lawsuit herein, Plaintiff does not waive, and expressly reserves, its right under the policy to demand an appraisal for determination of the actual cash value amount of loss and replacement cost value amount of loss with respect to the property damage claims Plaintiff asserts in this lawsuit.

## XI.

## AFFIRMATIVE DEFENSES

61. *Waiver.* Defendant has waived certain policy conditions, duties imposed on the Plaintiff, and terms of coverage of the insurance policy at issue.

62. *Contra Proferentem.* Defendant's contract is unilateral and in the event of ambiguity must be held against the drafter.

## XII.

## JURY DEMAND

63. Plaintiff respectfully demands a trial by jury and will remit this fee at the appropriate time.

Respectfully Submitted,

**DICK LAW FIRM, PLLC**

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
eric@dicklawfirm.com
www.dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**



CERTIFIED MAIL

7020 1290 0000 7576 4792



**1**

$8.25 US POSTAGE
5 OZ FIRST-CLASS MAIL FLATS RATE
ZONE 2
RETAIL

062S0009564987
6023291
FROM 77092

stamps
endicia
04/16/2021

# USPS FIRST CLASS MAIL®

QUICK SERVICE PROS
4325 TULSA
HOUSTON TX 77092

C015

**SHIP TO:** OHIO CASUALTY INSURANCE COMPANY
C/O CORPORATION SERVICE COMPANY
211 E. 7TH ST., STE. 620
AUSTIN TX 78701-3218

## USPS CERTIFIED MAIL™



9414 7116 9900 0297 2417 85