IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SBU GROUP LP d/b/a | § | |
| APOLLO DISTRIBUTORS, | § | |
| | § | |
| vs. | § | Civil Action No. 4:21-CV-01628 |
| | § | (JURY) |
| OHIO CASUALTY INSURANCE | § | |
| COMPANY | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F) OF FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party.**

   Counsel for the parties conducted their Rule 26(f) conference by email on June 28 2021. Attending were:

   Dawn A. Moore
   DMoore@sheehyware.com
   Fed. Adm. No. 558181
   Texas State Bar No. 24040447
   909 Fannin Street
   Two Houston Center, Suite 2500
   Houston, Texas 77010-1003
   713-951-1000 Telephone
   713-951-1199 Telecopier
   ATTORNEYS FOR THE DEFENDANT
   OHIO CASUALTY INSURANCE COMPANY

   Eric B. Dick, LL.M.
   DICK LAW FIRM, PLLC
   3701 Brookwoods Drive
   Houston ,TX  77092
   832-207-2007 Office
   Email:  eric@dicklawfirm.com
   ATTORNEYS FOR PLAINTIFF
   SBU GROUP LP DBA APOLLO DISTRIBUTORS

**2. List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

There are no other open/active cases related to this pending litigation.

3. **Briefly** describe what this case is about.

Plaintiff originally filed suit in Texas State Court alleging it sustained damage to three commercial properties on, or about, April 13, 2019 from a hail and/or wind storm. Plaintiff further alleges it made claims for the loss pursuant to the contract of insurance issued by Ohio Casualty Insurance Company.   Ohio Casualty Insurance Company assigned the claims to adjusters who inspected the property and investigated the alleged losses.   Plaintiff alleges the investigation by the Defendant was not properly conducted which resulted in an underpayment of the loss covered under the insurance contract. Plaintiff asserts causes of action for breach of contract, violations of the Texas Insurance Code and DTPA misrepresentation, fraud, conspiracy, and breach of the duty of good faith and fair dealing.   Defendant maintains the inspections were proper and the Plaintiff has been fully compensated for their covered loss.

Appraisal has been involved and is in process for all three property claims.

4. **Specify the allegation of federal jurisdiction.**

This case was removed from Texas State Court on the basis of Diversity Jurisdiction.

5. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons:**

None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted:**

No additional known parties at this time.

7. **List anticipated interventions:**

None at this time.

8. **Describe class-action or collective-action issues.**

Note applicable.

9. **State whether each party represents that it has made the initial disclosure required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures**

The parties have not yet made Initial Disclosures.  The parties have agreed to abate discovery during the appraisal process.

10. **Describe the proposed agreed discovery plan, including:**

    a.  **Responses to all the matters raised in Rule 26(f).**

| | | |
|---|---|---|
| 1. | Joinder of New Parties: | September 13, 2021 |
| 2. | Experts (Plaintiff): | January 17, 2022 |
| 3. | Experts (Defendant): | February 17, 2022 |
| 4. | Discovery (Answers) Deadline: | April 18, 2022 |
| 5. | Motions (Served) Deadline: | May 20, 2022 |
| 6. | Joint Pretrial Order: | July 11, 2022 |
| 7. | Final Status Conference: | July 18, 2022 |

    b.  **When and to whom the plaintiff anticipates it may send interrogatories.**

The parties have agreed to abate formal written discovery in this matter until appraisal has been completed.  Therefore, no interrogatories will be served until that has been completed.

    c.  **When and to whom the defendant anticipates it may send interrogatories.**

The parties have agreed to abate formal written discovery in this matter until appraisal has been completed.  Therefore, no interrogatories will be served until that has been completed.

    d.  **Of Whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the oral depositions of Defendant (including a corporate representative), any fact witnesses disclosed by Defendant and any expert witnesses retained by Defendant on or before April 18, 2022.

**e.  Of Whom and by when Defendant anticipates taking oral depositions.**

Defendant anticipates taking the oral depositions of Plaintiff, any fact witnesses disclosed by Plaintiff and any expert witnesses retained by Plaintiff on or before April 18, 2022.

**f.   (i) Specify the date experts for plaintiff (or the party with the burden of proof on an issue) will be designated and their reports provided to opposing party.**

The Plaintiff anticipates designating its experts with the required reports no later than January 17, 2022.

**(ii) when the opposing party will be able to designate responsive experts and provide their reports.**

Defendant anticipates designating its experts with the required report no later than February 17, 2022.

**g.  List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

No experts have been designated at this time.  However, the Plaintiff anticipates taking the depositions of any and all experts designated by Defendant by the discovery deadline of April 18, 2022.

**h.  List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

No experts have been designated at this time.  However, the Defendant anticipates taking the depositions of any and all experts designated by Plaintiff by the discovery deadline of April 18, 2022.

11. **If the parties are not agreed upon a part of the discovery plan, describe the separate view and proposals of each party.**

The parties have agreed to the discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

The parties have been cooperating in the appraisal process which they anticipate will limit the need for formal discovery.

13. **State the date the planned discovery can reasonably be completed.**

The parties anticipate that discovery can be completed by April 18, 2022.

4

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties believe this matter can be resolved through the appraisal process.  The parties have agreed to a mediation promptly after appraisal is completed, if necessary.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

See Response to No. 14, above.

16. **Magistrate judges may now hear jury and nonjury trials.  Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

Plaintiff and Defendant timely demanded a jury in its state court petition and Defendant requested a jury trial pursuant to Rule 81(c)(3)(A), Federal Rules of Civil Procedure and LR 38.1, USDC/SDTX Local Rules in its timely filed Notice of Removal.

18. **Specify the number of hours it will take to present the evidence in this case.**

The parties believe, at this time, that it will take 40-50 hours to present evidence in this matter.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

The parties have filed an Agreed Motion to Abate.

20. **List other pending motions.**

None at this time.

21. **List issues or matters, including discovery , that should be addressed at the conference.**

None at this time.

22. **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order of Conference and Disclosure of Interested Persons, listing the date of the filing for the original and any amendments.**

Defendant filed its Disclosures on May 7, 2021.

Plaintiff files its disclosures on June 8, 2021.

23. **List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

J. Mark Kressenberg
JKressenberg@sheehyware.com
Fed. Adm. No. 7793
Texas State Bar No. 11725900

Dawn Arney Moore
Dmoore@sheehyware.com
Fed. Adm. No. 558181
Texas State Bar No. 24040447

909 Fannin Street
Two Houston Center, Suite 2500
Houston, Texas 77010-1003
713-951-1000 Telephone
713-951-1199 Telecopier

ATTORNEYS FOR THE DEFENDANT
OHIO CASUALTY INSURANCE COMPANY

Eric B. Dick, LL.M.
TBN:  24064316
FIN:  1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston ,TX  77092
832-207-2007 Office
Email:  eric@dicklawfirm.com

ATTORNEYS FOR PLAINTIFF SBU GROUP LP DBA APOLLO DISTRIBUTORS


 /s/ Eric B. Dick                                          June 28, 2021
Erc B. Dick (Counsel for Plaintiff)


 /s/ J. Mark Kressenberg                              June 28, 2021
J. Mark Kressenberg (Counsel for Defendant)

2767133_1.docx